GEORGE W. HENDERSON, plaintiff in error, *vs.* WILLIAM H. TURNER and JOHN W. HOWARD, defendants in error.

When the facts stated in a bill for relief and injunction entitle the complainant to the *special assistance* of a court of equity, for the protection of his rights, a demurrer to the bill will be overruled and the injunction continued.

Demurrer to bill for account and injunction.   Decided by Judge CLARK.   Terrell Superior Court.   November Term, 1867.

The bill makes this case: William Henderson, of Terrell County, Georgia, died in 1852, intestate, leaving a large estate in lands, negroes, horses, mules, stock of every kind, farming implements, produce of all kinds, money, notes and accounts, amounting to sixty-five or seventy thousand dollars.

Complainant is entitled to one-third of said estate.   John T. Howard (one of the defendants) of Early County, by virtue of letters of administration thereon, took possession of all of said estate.

Howard also became guardian of complainant, who was then a minor, aged seven or eight years; the bond which he gave as such guardian, was in the sum of forty thousand dollars, and had for Howard's securities, William H. Turner and William W. Turner and others to complainant unknown, and was made in 1853, or thereabout.

As such guardian, said Howard also took into possession the estate which complainant's mother had inherited from her father, and which she possessed at her death, which occurred some two years after the death of complainant's father.

In 1858 or 1859, about the first of January, the Court House of Lee County was burnt, and all the records concerning said estates and said bond, were destroyed,—at least they cannot now be found.   Thus there is no trace of said estate, nor of what said guardian received, nor of what complainant is entitled to from said estates.

Before this fire, Howard's residence was cut off from Early County into the new county of Terrell, created by the Gen-

eral Assembly of the State. No steps were taken to have the records relating to said. estate or guardianship removed, or transcribed on the records of said new county. Howard has made no returns in Terrell County except for 1858 and 1859, showing nothing thereby but his expenditures as such guardian for those two years, and a return as administrator as aforesaid, of the sale of some perishable property of complainant's father's estate.

Howard refuses to say who else was security on said bond, and when asked to settle with complainant, replies that nothing is left for him.

The property received from the father's estate by said guardian for complainant, was worth twenty-five thousand dollars or other large sum of money, and was kept together and used in raising cotton, corn, etc., by said guardian, out of which the guardian has realized annually a net profit of five thousand dollars, or other large sum of money. And the share of complainant in his mother's estate was worth fifteen thousand dollars or other large sum of money, and went into Howard's hands as such guardian, and Howard has received the annual profits or interest on the same, to-wit: one thousand dollars, or other large sum of money, annually.

Lately Howard sold some mules belonging to the father's estate, to persons unknown to complainant, took notes for the same, amounting to eight or nine hundred dollars, and refuses to deliver said notes to complainant.

Complainant did not become of age till 4th April, 1866. Howard kept concealed from him the condition of his property, and frandulently converted it to his own use and wasted the same.

Howard is hopelessly insolvent, and William W. Turner, one of said securities, died wholly or nearly insolvent, and complainant has to rely upon William H. Turner alone.

William H. Turner took from Howard about 1859, a mortgage on land lots two hundred and thirty-three and two hundred and thirty-five, and one hundred and fifty acres of land lot two hundred and sixteen, in the third district of Terrell

County, and various negroes, to save himself harmless from his said suretyship.

William H. Turner resides in Terrell County, owns and cultivates a valuable plantation, (where he resides,) and has stocks and other property, all of the value of thirty thousand dollars. William H. Turner has been cognizant of Howard's mismanagement of complainant's property and of his spending and wasting the same, and has assisted him therein, and has traded with Howard for the property coming to complainant from his mother's estate, which Howard held as such guardian, and complainant believes, has received from said Howard, other property of complainant amounting to a large sum in value, and he is combining with Howard to cheat and defraud complainant.    William H. Turner says he will not respond for anything on said bond; and to avoid his responsibility thereon, threatens to sell, dispose of and secrete his property, so that it cannot be reached by a judgment or decree thereon; and complainant believes that he intends to carry said threats into execution.

Without this property in Howard's hands, complainant is penniless; and without William H. Turner's property to rely upon for indemnity, he is remediless, and he cannot reach the same at law.

A large portion of the property received from the estate of complainant, was negroes; by emancipation they are worthless, and nothing is claimed for their loss.

The prayer is for account and settlement; that Howard be enjoined from disposing of said notes, and William H. Turner enjoined from carrying out his said threats, or changing the present status of his property.    Discovery is waived.

This bill having been sanctioned and injunction having issued according to the prayer, and been served on William H. Turner, he demurred on the following grounds:

1st, There is no equity in said bill.

2d, The bill shows that complainant has an adequate common law remedy.

3d, The injunction was improvidently granted.

4th, The bill is multifarious, mixing up incongruous and

incompatible matters, in which the various defendants did not act jointly and in concert, and in which they have no common or mutual interest, and in which they have incurred no joint liability.

5th, Because the allegations, statements and charges contained in said bill, are general, vague, uncertain and indefinite, and present no issuable points or facts, thereby rendering said bill fishing in character.

The Court sustained the demurrer and ordered the bill dismissed; and this the plaintiff in error assigns as error.

WRIGHT & WARREN, WOOTTEN & HOYLE, for plaintiff in error.

A. HOOD, F. W. HARPER, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below, is the sustaining the demurrer to complainant's bill, and dismissing the same. The *special facts* alleged in this bill, in our judgment, make a strong case for the interposition of a court of equity for the relief of complainant. See 3014, 3028, 3063, 3082, 3103, 2558, sections of the Code. The facts stated in the complainant's bill (which the demurrer admits to be true,) entitle the complainant to the *special assistance* of a court of equity for the protection of his rights. The demurrer to the bill, therefore, should have been overruled and the injunction continued, or modified according to the sound discretion of the Court below, so as to protect the rights of the complainant.

Let the judgment of the Court below be reversed.