19119. ROBERTS, Executrix, *v.* SCOTT.

Submitted October 10, 1955—Decided November 15, 1955.

*L. H. Hilton, Hilton & Hilton,* for plaintiff in error.
*Hollingsworth & Hollingsworth,* contra.

Almand, Justice. Georgia Ella Roberts, as executrix and sole devisee and legatee under the will of Ophelia Williams, sought by an equitable petition to cancel a deed purported to have been executed by the testatrix to the defendant, Booker T. Scott, on the ground that the same was a forgery. In *Roberts* v. *Scott,* 211 *Ga.* 527 (87 S. E. 2d 67), we reversed the order of the trial court granting a nonsuit. On return of the remittitur to the trial court, the plaintiff filed an amendment to her petition, in which she sought recovery of exemplary damages and counsel fees. The special demurrers of the defendant to the paragraphs of the amendment which sought to recover these items were sustained. The trial resulted in a verdict in favor of the plaintiff on her prayers for cancellation and recovery of the rental value of the premises. The plaintiff filed her bill of exceptions, assigning error on the order sustaining the special demurrers to the amendment, it being asserted that such ruling was erroneous, and being controlling in effect, there has been an illegal termination of the case.

In four of the paragraphs of her amendment, the plaintiff sought to recover exemplary or punitive damages in the sum of $500, under Code § 105-2002, and to recover the same amount as counsel fees.

By its express terms, Code § 105-2002 applies only to tort actions; and since the action of the plaintiff in this case was one to cancel a deed, there can be no recovery of such damages under this Code section.

Nor was a cause of action set out in the paragraphs of the plaintiff's amendment which sought a recovery of $500 as attorney's fees, under either Code § 105-2004, which provides that necessary expenses consequent upon the injury done are legitimate

items in the estimation of damages, or Code § 20-1404, which provides that, where the defendant has acted in bad faith, or has been stubbornly litigious, the jury may allow expenses of litigation, for the reason that the first-cited Code section applies only in tort cases, and under the last-cited section the plaintiff does not set out any facts showing that the defendant has acted in bad faith or has been stubbornly litigious and caused the plaintiff unnecessary trouble and expense. *West v. Haas*, 191 *Ga.* 569 (7) (13 S. E. 2d 376).

It follows from what has been said that it was not error to sustain the special demurrers to the paragraphs of the plaintiff's amendment which sought the recovery of exemplary damages and counsel fees. Since such ruling did not illegally terminate the case, it follows that the entering of the verdict and judgment was not erroneous.

*Judgment affirmed. All the Justices concur.*