### 20989.   FOLK v. MEYERHARDT LODGE No. 314, F. & A. M., *et al.*

HAWKINS, Justice.   The petition as amended of Walton Folk, filed in the Superior Court of Cobb County, Georgia, alleges: (1) That the defendants are Meyerhardt Lodge No. 314 F. & A. M., Lee Lawson, Worshipful Master, and Louis F. Whiten, Secretary, of said lodge, and of Cobb County, Georgia; (2) That, on July 21, 1959, plaintiff purchased certain real estate in Kennesaw, Georgia, on which was situated a three-story brick building, the third floor of which defendants had acquired a right to use, together with an easement or right of way across plaintiff's property as a means of ingress and egress to said floor, by virtue of a warranty deed executed January 29, 1918, to "all that tract or parcel of land lying and being in the town of Kennesaw, Georgia, known as the

Masonic Hall being in the third story of the J. G. Lewis store building on Lot No. 9 of the Hill and Rowland survey of the town of Kennesaw, Georgia, and on the corner of Summers and Lewis Street, together with a right of way of five (5) feet wide leading from Lewis Street to the stairway and also from the stairway leading from the first floor to the third story as is now in use. It is expressly understood that the third story is to be used as a Masonic Hall or other secret orders for white people only and not to be used for any other purpose without permission of J. G. Lewis, the present owner of the lot and the two bottom floors or his assigns or successors." Attached as Exhibit "A" and made a part of the petition and of this paragraph, was a warranty deed executed July 21, 1959, between "H. B. Butler, individually as executor of Mrs. Minnie L. Whitfield," and Walton O. Folk, to "all that tract or parcel of land lying and being in Land Lot 138 of the 20th District, Second Section, Cobb County, Georgia, being a town lot in the town of Kennesaw, Georgia, known as Lot 9 of the Hill's survey of Rolland property . . . [which was more particularly described], subject to the rights and interests of the Masonic Lodge, Meyerhardt Lodge No. 314 F. & A. M., in the third floor of the building located on the above described property, as shown in warranty deed dated January 29, 1918, recorded in Deed Book 56, Page 680, Cobb County records"; (3) That, situated thereon, is a three-story building, and that the third floor thereof is being used by the defendants for their meetings; (4) That there is a common stairway leading to the second floor of said building and to the third floor of said building, and that said stairway is the only means of ingress and egress to the second and third floors of said building; that said stairway is in two sections, the first section begins on the ground floor and ends on the second floor landing, and that from the second floor landing there is another stairway separate and distinct leading to the third story; that these stairways are within the building owned by plaintiff and to the best of his knowledge and belief were constructed at the time the building was originally built; (5) That the defendants have the right of use of said stairway to go to and from their lodge hall and that plaintiff has rented the second floor to a religious organization, and their only means of

ingress and egress is by use of the common stairway; (6) That certain members of the Meyerhardt Lodge No. 314 F. & A. M., the names of whom are unknown to plaintiff, but are well known to defendants, as agents and servants of said lodge, and, acting under instructions from said lodge, did maliciously and without cause, without notice, and without any legal right whatsoever, barricade the rear ground floor door to said building by placing behind said door timber and stationing members of said lodge behind said door, the names of the members so stationed being unknown to plaintiff but well known to defendants, and painted a sign on said door reading "Keep Out," and denied the New Testament Revival Center, the tenants of the second floor of said building, access to their rented premises; (7) That plaintiff removed the lock from the door and advised the Worshipful Master, a defendant herein, to desist from further interference with the other tenants in accordance with Exhibit "A", attached to and made a part of the petition; (8) That, on the night of April 1, 1960, the congregation of the New Testament Revival Center, being the second-floor tenants of said building, attempted to enter their premises, and that the doors thereto were barricaded; (9) That the congregation of the New Testament Revival Center, led by the ministers, Rev. Carl Woods, Rev. C. E. Johnson, and Rev. Jimmy L. Gable, attempted to enter their rented premises and were set upon by certain members of the Meyerhardt Lodge, the names of whom are unknown to plaintiff, but well known to the lodge, and tore the clothes of Rev. Gable, and beat with the fist Rev. Carl Woods, and Rev. C. E. Johnson, without cause or provocation; (10) That in an effort to remove the timbers barricading the outside door, it was necessary to knock a panel from said door, thus ruining the door, and requiring a new door to be installed, at an estimated cost (which was itemized), of $50 for replacement; that the door in question has not been replaced, and the foregoing figures are an estimate furnished by Stephens Lumber Company; (11) That defendants have wilfully, maliciously, and without just cause, interfered with plaintiff's proper use, possession, and quiet enjoyment of his premises, and that, unless enjoined and restrained from interfering with the use of said property, he is in danger of losing valuable tenants, and the reputation of his property will be seriously jeopardized; (12) That plaintiff has been in-

jured and damaged through the wilful misconduct of defendants in the sum of $50; and (13) That Meyerhardt Lodge, through its officers and members, decided to forcibly prevent the New Testament Revival Center, a religious organization, from conducting religious worship on the premises rented ·by said religious organization, and in carrying out the decision of the lodge, the rear door to the building was barricaded and two lodge members were posted behind the door with the prearranged signal if any attempts were made to enter said door, the other members of the lodge would rush to the assistance of the two guards; that the conduct of the defendants has been so reprehensible, wilful, intentional, and maliciously wrong and wicked that punitive damages should be assessed against them in the amount of $10,000, to punish them for their wrong doings and to deter them in the future, and to deter others from committing like acts of maliciousness. The prayers were for process, rule nisi; that defendants be enjoined and restrained from interfering in any manner whatsoever with other tenants and petitioners' use of said premises; that plaintiff be awarded $10,050 against defendants; that costs be taxed against defendants; and for general relief. The trial judge sustained a general demurrer and dismissed the petition, and the exception is to that judgment. *Held:*

1. The property conveyed by the instrument executed on January 29, 1918, is "the third story of the J. G. Lewis store building on Lot No. 9 of the Hill and Rowland survey of the town of Kennesaw, Georgia . . . together with a right of way of five (5) feet wide leading from Lewis Street to the stairway and also from the stairway leading from the first floor to the third story as is now in use." Thus it will be seen that the third story of this building is conveyed by this instrument, "together with a right of way" thereto. In 28 C. J. S. 628 § 3, "Right of way," is defined as "An easement to pass or cross the lands of another; an easement of perpetual use; a right to pass over another's land more or less frequently according to the nature of the use to be made of the easement." See *Bale v. Todd,* 123 Ga. 99(2) (50 S. E. 990).

2. While, in this case, there is no dispute that Meyerhardt Lodge No. 314 F. & A. M., has the right of use, control, and possession of the third floor of the building here in question, as well as a "right of way" thereto, it is contended that the

owner of the second floor, as well as his tenants, is entitled to also use the "right of way" or "stairway" leading to the second floor of the building. It is alleged in the petition, which on demurrer, must be considered as true, that this is a "common stairway," constructed at the time the building was originally built, and in use at the time the defendant acquired its deed, and "is the only means of ingress and egress" to the second floor, which the plaintiff has rented "to a religious organization," and that defendants have "wilfully, maliciously, and without just cause, interfered with the plaintiff's proper use, possession, and quiet enjoyment of his premises, and that, unless [defendants are] enjoined and restrained," plaintiff will lose valuable tenants, who have been forcibly denied "access to their rented premises" by the defendants, and "the reputation of his property will be seriously jeopardized." Accordingly, a cause of action was stated for some of the relief sought, and it was error for the trial judge to sustain the general demurrer and dismiss the petition. *Huxford v. Southern Pine Co.*, 124 Ga. 181(2) (52 S. E. 439); *Neal Lumber & Mfg. Co. v. O'Neal*, 175 Ga. 883, 886(1) (166 S. E. 647). See also *Henderson v. Turner*, 36 Ga. 263; *Justices of Inferior Court of Pike County v. Griffin & West Point Plank Road Co.*, 11 Ga. 246(3), 250(3).

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1960—DECIDED OCTOBER 11, 1960.

*Jean E. Johnson*, for plaintiff in error.
*Russell A. Ford, Sr., Vernon W. Duncan*, contra.