### 21716. FOLK v. MEYERHARDT LODGE
No. 314 F. & A. M., et al.

SUBMITTED JULY 9, 1962—DECIDED SEPTEMBER 6, 1962.

*Jean E. Johnson, Sr.,* for plaintiff in error.

*Russell A. Ford, Sr.,* contra.

MOBLEY, Justice. The decision of this court in *Folk v. Meyerhardt Lodge,* 216 Ga. 373 (116 SE2d 577), establishes as the law of the case first, that the deed from Lewis to the Lodge granted to the Lodge the third floor of the building together with an easement in the stairway leading from the first to the third floor and an easement in the five-foot way leading from

Lewis Street to the stairway, and, second, that the petition stated a cause of action. *Allen v. Schweigert,* 113 Ga. 69 (1) (38 SE 397); *Conner v. Wright,* 201 Ga. 753 (41 SE2d 158); *Lankford v. Milhollin,* 201 Ga. 595 (4) (40 SE2d 376).

Attached as exhibits to the petition as amended were a deed from Lewis to the Lodge conveying the third floor and what this court held was an easement in the stairway leading from the first to the third floor of the building, and a deed to the plaintiff placing fee simple title to the property in him subject to the rights of the Lodge. The introduction of these deeds into evidence established under the decision of this court in *Folk v. Meyerhardt Lodge,* 216 Ga. 373, supra, the fact that the Lodge owned an easement in the stairway and five-foot way from the foot of the stairway to the street.

The grant of the "right of way" to the third floor—the easement in the stairway from the first to the third floor—did not take from the owner of the property any portion of the fee in the stairway. "Ownership of the soil and the right to an easement are independent. The grantee of an easement is not the owner or occupant of the estate over which the right extends, but the right to the fee and the right to an easement in the same realty are independent of each other. . ." *Donalson v. Georgia Power &c. Co.,* 175 Ga. 462 (1) (165 SE 440); *Southern R. Co. v. Wages,* 203 Ga. 502, 503 (1) (47 SE2d 501). As owner of the stairway, plaintiff has the right to use the stairway and the right of way thereto from the street, provided he does not interfere with the right of use in the owner of the easement. "It is established law in this State, and generally, that nothing passes as an incident to the grant of an easement but what is requisite to its fair enjoyment. Notwithstanding such a grant, there remains in the grantor the right of full dominion and use of the land, except so far as a limitation thereof is essential to the reasonable enjoyment of the easement granted." *Georgia Power Co. v. Leonard,* 187 Ga. 608, 610-11 (1 SE2d 579); see also cases therein cited. The grant of the easement in the stairway to the Lodge was not exclusive in its terms; and, if the easement in the stairway can be reasonably enjoyed without being exclusive, it leaves in the grantor and his

assigns the right of user in common with the grantee. 17A Am. Jur. 730, 731, Easements, § 121, and cases cited. Whether the stairway can be reasonably enjoyed by the Lodge with the grantor or his assigns using it in common with the Lodge is a question for the determination of a jury.

Since the deeds in evidence established that this was a "common stairway" to the extent that plaintiff as owner of the fee to the stairway may use it in common with the Lodge so long as his use does not interfere with the reasonable enjoyment of the stairway by the Lodge, the trial court should have submitted the case to the jury on this issue, and erred in granting a nonsuit. *Roberts v. Scott*, 211 Ga. 527, 529 (3b) (87 SE2d 67).

While the petition alleged that this stairway was the only means of egress and ingress from the first to the second floor and the evidence on the trial of the case showed otherwise, this was not a material allegation necessary to the proof of plaintiff's case and may be disregarded. It need not be proved in order to withstand a motion for nonsuit. *Sewell v. Anderson*, 197 Ga. 623, 624 (7) (30 SE2d 102). This court did not in its previous decision in this case make this clear, which was obviously the cause of the trial judge's erring in the granting of a nonsuit.

On the second trial of this case, the only issues for a jury to decide are whether the use of the stairway may be reasonably enjoyed by the Lodge with the plaintiff or his assigns exercising the right to use it as access to plaintiff's property, whether the defendants have wrongfully interfered with the use of the stairway by the plaintiff or his assigns, and what, if any, relief plaintiff is entitled to.

*Judgment reversed. All the Justices concur.*