A06A0103. SAMPSON et al. v. HAYWIRE VENTURES, INC. et al.
(629 SE2d 515)

MIKELL, Judge.

We granted Rodney S. Sampson's application for interlocutory review of the denial of his motion for reconsideration of an order dismissing his counterclaim for conversion of stock. Because the trial court erred in dismissing his counterclaim with prejudice, we vacate the order and remand for the court to consider dismissing the counterclaim without prejudice. The relevant facts follow.

Plaintiff Haywire Ventures, Inc. ("Haywire"), has one wholly owned subsidiary, plaintiff Multicast Media Network, LLC ("Multicast"). All of Haywire's revenues are generated through Multicast, which uses Haywire's intellectual property to provide services and products to its customers through a website. Defendant Sampson was one of the original directors and shareholders of Haywire. He was issued shares of Haywire's common stock and elected a director of both Haywire and Multicast pursuant to a corporate resolution executed by all directors of Haywire on May 22, 2000. Multicast terminated Sampson's employment on June 24, 2002. On July 30, 2002, Haywire and Multicast filed a complaint for damages and injunctive relief against Sampson and Intellectual Currency Exchange, Inc. ("ICE"), a company that was incorporated on December 5, 2001, alleging that Sampson was named registered agent and chief executive officer of ICE at the time he was serving as an officer and director of the plaintiffs. The complaint was filed in seven counts: breach of fiduciary duty, fraud, injunctive relief under the Georgia Trade Secrets Act, conversion (two counts), defamation and slander of plaintiffs in their trade, and unjust enrichment.

On September 3, 2002, Sampson answered and counterclaimed for libel, slander, tortious interference with contractual relations, false imprisonment, malicious prosecution, breach of fiduciary duty, fraud, trade secrets, conversion through coercion, extortion, unjust enrichment, corporate accounting, and attorney fees. On July 10, 2003, ICE answered the complaint, after acknowledging service on June 11, 2003, and counterclaimed for defamation, tortious interference with contractual relations, and misappropriation of trade secrets. On July 11, 2003, the plaintiffs filed an amended complaint, adding additional factual allegations and a claim for attorney fees. Neither defendant filed a response to the amended complaint.

On November 18, 2003, the trial court entered an order requiring the defendants to provide a more definite statement on their fraud counterclaim, which comprised a mere two sentences, reasoning that the defendants had failed to state fraud with sufficient particularity. On April 1, 2004, defendants filed a pleading entitled "Amendment to Defenses, Answer and Counterclaims," which purported to amend

both Sampson's and ICE's answers. This amended answer strikes the original fraud counterclaim, which only Sampson pled, and replaces it with detailed allegations of fraud. The pleading also purports to add counterclaims for conversion of stock and breach of contract. In the conversion claim, defendants allege that in October 2000, Sampson was issued a stock certificate giving him title to 2.92 million shares of Haywire's common stock and that on October 1, 2002, Haywire wrongfully took possession of his shares.

On June 18, 2004, the trial court struck the defendants' fraud counterclaim. The plaintiffs subsequently moved to dismiss the defendants' added counterclaims for conversion of stock and breach of contract, arguing that they were compulsory counterclaims pursuant to OCGA § 9-11-13 (a), which provides that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Based on this Code section, the plaintiffs contended that the defendants were required to plead the two additional counterclaims with their initial answer. The trial court agreed and granted the motion, ruling that both the conversion of stock and breach of contract counterclaims arose out of the same transaction or occurrence as the original and amended complaints. The court dismissed both counterclaims with prejudice.

The defendants moved for reconsideration with regard to the dismissal of the conversion of stock counterclaim, arguing that it was permissive because it did not arise until after Sampson filed his original answer. In the alternative, the defendants moved for leave to file a supplemental pleading as a counterclaim. The trial court denied the motion for reconsideration, holding that "because Defendants did not timely plead the conversion counterclaim upon receipt of the amended complaint[,] it must be dismissed." Only defendant Sampson appeals.

In related enumerations of error, Sampson argues that the trial court incorrectly determined that his counterclaim for conversion of stock was a compulsory counterclaim and erred in dismissing it with prejudice. We agree. "Essentially, a compulsory counterclaim is one which: 1) arises out of the same transaction or occurrence as the main claim; and 2) has matured at the time the answer is filed."[1] Conversely, "claims that mature or are acquired after the pleading has been served are permissive rather than compulsory counterclaims."[2]

---

[1] *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 31 (1) (410 SE2d 154) (1991). See OCGA § 9-11-13 (a).

[2] (Citation omitted.) *Wagner v. Howell Enterprises*, 184 Ga. App. 394, 395 (2) (361 SE2d

In the case at bar, Sampson originally filed an answer on September 3, 2002, and the basis for his counterclaim for conversion of stock did not occur until October 1, 2002, when he received a certified letter stating that his stock certificate had been cancelled. Therefore, this claim matured after the answer was filed, and it was a permissive, not compulsory counterclaim. The distinction is critical for the following reason:

> The failure to plead a compulsory counterclaim can result in the party losing the right to assert that claim in a subsequent action. On the other hand, the failure to assert a permissive counterclaim at the proper time will only result in the party being unable to make the contentions in the suit in question, not that he will be barred in a future suit.[3]

It follows that the trial court erred in dismissing Sampson's counterclaim for conversion of stock with prejudice.

However, the trial court would not have erred in dismissing the claim without prejudice because Sampson did not seek the trial court's permission before filing it.

> A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading. Permission of the court is a necessary prerequisite to the supplemental pleading of a counterclaim under OCGA § 9-11-13 (e)[,] and the decision to grant or deny the motion is totally within the trial court's discretion.[4]

Here, Sampson failed to seek the court's permission to file the additional counterclaims until after the trial court issued its order dismissing those claims. This was untimely under OCGA § 9-11-13 (e). Therefore, we vacate the trial court's order dismissing the counterclaim with prejudice and remand for the court to consider the entry of an order dismissing the claim without prejudice.

Finally, we note that OCGA § 9-11-15 (a) permits, but does not require, a party to respond to an amended pleading. "Allegations in an amended petition are 'deemed denied or avoided' even in the

---

698) (1987). See OCGA § 9-11-13 (e).

[3] *Kitchens v. Lowe*, 139 Ga. App. 526, 527 (1) (228 SE2d 923) (1976). Accord *Jenkins v. Martin*, 142 Ga. App. 573, 574 (236 SE2d 542) (1977).

[4] (Citation and punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 393-394 (3) (469 SE2d 469) (1996).

absence of an answer."[5] Sampson thus was not required to respond to the plaintiffs' amended complaint. The trial court erred in holding that Sampson was required to plead his conversion of stock counterclaim "upon receipt of the amended complaint."

*Judgment vacated and case remanded. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 28, 2006.

*Belli, Weil, Grozbean & Davis, Douglas J. Davis, Wayne S. Tartline,* for appellants.
*Troutman Sanders, John D. Mura, Jr.,* for appellees.

---

[5] (Citation omitted.) *Jefferson v. Zant,* 263 Ga. 316, 317 (2) (431 SE2d 110) (1993).
[1] (Citation omitted.) *State v. Ruiz,* 243 Ga. App. 337-338 (531 SE2d 418) (2000).