A08A0839. SAMPSON et al. v. HAYWIRE VENTURES, INC. et al.
(668 SE2d 286)

JOHNSON, Presiding Judge.

In July 2002, Haywire Ventures, Inc. ("Haywire") and its wholly owned subsidiary, Multicast Media Network, LLC ("Multicast") sued Rodney S. Sampson, who was a former director of both companies, for conversion, fraud, breach of fiduciary duty, and several other related claims. Sampson counterclaimed for libel, tortious interference with contractual relations, false imprisonment, conversion, breach of contract, breach of fiduciary duty, unjust enrichment, corporate accounting, and attorney fees. This is Sampson's second appeal before this Court related to this dispute.[1] In this appeal, Sampson challenges the trial court's grant of partial summary judgment to Haywire and Multicast on their claim for conversion and on Sampson's claims for breach of fiduciary duty, unjust enrichment, corporate accounting, and attorney fees. We discern no error and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the evidence shows that Sampson negotiated an agreement on behalf of Multicast to provide advertising services to Denny's, Inc. The advertisements purchased by Denny's were run on websites solely owned by Multicast, and Sampson originally sent Denny's an invoice with instructions to send payment to Multicast. Sampson later sent Denny's a replacement invoice with instructions to send payment under the name of a company owned solely by him. After Denny's sent him a check for the invoiced amount of $20,855, Sampson deposited the funds into a personal account.

1. In support of his claim that the trial court erred in granting summary judgment to Haywire and Multicast on their conversion

---

[1] See *Sampson v. Haywire Ventures, Inc.*, 278 Ga. App. 525 (629 SE2d 515) (2006).
[2] (Footnote omitted.) *Dover v. Mathis*, 249 Ga. App. 753 (549 SE2d 541) (2001).

claim, Sampson alleges that the payment made by Denny's was not for the services rendered by Multicast. Instead, Sampson implies that the advertising services were provided by Multicast at no charge and states that he "considered" the check for $20,855 to be in payment for consulting services that he personally provided to Denny's.

While Sampson is entitled to all *reasonable* inferences and conclusions in assessing the evidence on Haywire and Multicast's motion for summary judgment, such inferences and conclusions must not be *unreasonable* or based on mere conjecture or possibility.[3] Here, it is unreasonable to believe that the advertising services provided by Multicast were free of charge given that (i) the proposal sent by Sampson to Denny's describing such advertising services showed that they would cost $20,855; (ii) after Multicast ran the Denny's advertisements, Sampson sent Denny's an invoice with instructions to pay Multicast $20,855 for specific advertising services provided by Multicast; and (iii) Denny's asserts that its check for $20,855 was delivered to Sampson in payment for the advertising services provided by Multicast and not for any consulting services personally provided by Sampson. Because Denny's payment for Multicast's advertising services is specific and identifiable, it is properly the subject of the conversion claim against Sampson,[4] and the trial court did not err in granting summary judgment on this claim.

2. Sampson also claims the trial court erred in granting summary judgment to Haywire and Multicast on his counterclaim for breach of fiduciary duty. In this counterclaim, Sampson alleged that "[d]uring and after his tenure at the companies, [he] came to understand that [certain officers of Haywire] engage[d] in behavior to the detriment of [Haywire] which breached their fiduciary duty to [it]." Because this tort was allegedly committed by third parties against Haywire, the breach of fiduciary duty claim properly would have been brought against those third parties in a derivative suit on behalf of Haywire or, if Sampson was alleging a "special injury," in the form of a personal cause of action against the third parties.[5] As a result, the trial court did not err in granting summary judgment to Haywire and Multicast on Sampson's counterclaim alleging breach of fiduciary duty.

---

[3] *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 683 (3) (a) (498 SE2d 748) (1998).

[4] *Hudspeth v. A & H Constr.*, 230 Ga. App. 70, 71 (2) (495 SE2d 322) (1997).

[5] See *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585-587 (1) (397 SE2d 699) (1990).

3. Sampson claims that the trial court erred in granting summary judgment to Haywire and Multicast on his counterclaim for unjust enrichment. We disagree.

Here, Sampson's counterclaim alleges that "[Louis] Schwartz, [Ronald] Rice and other unnamed directors of [Haywire] have made economic gains that they are not entitled to." While the trial court could have granted summary judgment to Haywire and Multicast on the basis that it seeks recovery against nonparties, Sampson's claim for unjust enrichment also fails because his relationship with Haywire was governed by a contract. "[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract, but where the party sought to be charged has been conferred a benefit by the [claimant] which the benefitted party equitably ought to return or compensate for."[6] Sampson has acknowledged the existence of a contract, and his counterclaim seeking recovery for breach of that contract was dismissed by the trial court.

4. In his counterclaim seeking a corporate accounting, Sampson states that because he is "concerned that the facts surrounding this present action have created an environment which is not good for the financial wherewithal and/or future of [Haywire, t]here should be an accounting of the assets and liabilities of [Haywire]. . . ." Sampson claims that an accounting is necessary because he is owed approximately $156,000 in deferred compensation plus an additional amount for Haywire stock that he was issued based on a $10,000 reduction in his deferred compensation.

"The sufficiency of [a] petition to set forth [a party's] right to an accounting depends upon whether the facts alleged showed that on an accounting the petitioner will likely be entitled to recover judgment for some amount."[7] Here, Sampson's request for an accounting was based on counterclaims for conversion of stock and breach of contract (related to his entitlement to deferred compensation) that were both dismissed by the trial court. While this Court held that the trial court erred in dismissing Sampson's counterclaim for conversion with prejudice, we also noted that the trial court would not have erred in dismissing that claim without prejudice.[8] Because Sampson is unable to show that he will likely be entitled to recover judgment for any amount pursuant to his underlying conversion or breach of contract counterclaims, no accounting is warranted here.

---

[6] (Citation and punctuation omitted.) *Smith v. McClung*, 215 Ga. App. 786, 789 (3) (452 SE2d 229) (1994).

[7] (Citations and punctuation omitted.) *Charles S. Martin Distrib. Co. v. Roberts*, 219 Ga. 525, 532 (3) (134 SE2d 587) (1964).

[8] *Sampson*, supra at 527.

5. Sampson claims that the trial court erred in granting Haywire and Multicast's motion for summary judgment on his counterclaim seeking attorney fees. Sampson alleges that such fees are due to him pursuant to OCGA § 13-6-11, which provides that expenses of litigation may be allowed "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

We have held that

> [t]he simple denomination of one party as plaintiff and another as defendant should not dictate a possible award of attorney fees. . . . OCGA § 13-6-11 should, on the contrary, be read to permit any party prosecuting a viable, independent claim to recover attorney fees whenever the enumerated statutory criteria for such an award are met.[9]

Here, however, Sampson failed to set forth any facts showing that Haywire and/or Multicast had acted in bad faith, had been stubbornly litigious, or had caused him any unnecessary trouble or expense in their defense of his remaining independent counterclaims. As a result, the trial court did not err in granting summary judgment to Haywire and Multicast on Sampson's counterclaim for attorney fees.[10]

6. Sampson also claims that the trial court erred in not including in its order any ruling with respect to his counterclaim for conversion of stock. In the first appearance of this case, we held that the trial court erred in dismissing that counterclaim with prejudice, but we also noted that the trial court would not have erred in dismissing it without prejudice because Sampson had added the counterclaim by amendment without seeking court approval to do so.[11]

Here, Sampson has not shown that he presented any request to the trial court related to his conversion counterclaim for the trial court to rule upon. Because this Court will not consider any question unless it was presented to and passed upon by the trial court, this enumeration of error does not present any judgment for which an appeal can be considered.[12]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

---

[9] (Citation and punctuation omitted.) *Spoon v. Herndon*, 167 Ga. App. 794, 796 (2) (307 SE2d 693) (1983).

[10] See *Roberts v. Scott*, 212 Ga. 87, 87-88 (90 SE2d 413) (1955).

[11] *Sampson*, supra at 527 (citing to OCGA § 9-11-13 (e)).

[12] See *Garland v. State of Ga.*, 101 Ga. App. 395, 398 (1) (114 SE2d 176) (1960).

DECIDED OCTOBER 2, 2008.

*Belli, Weil, Grozbean & Davis, Douglas J. Davis*, for appellants.
*Troutman Sanders, William W. Hopson*, for appellees.