**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A2224. ELEKIMA v. ABBEY ROAD CONDOMINIUM DO-111
ASSOCIATION, INC.

DOYLE, Presiding Judge.

Precious Elekima appeals from the grant of summary judgment to Abbey Road
Condominium Association, Inc. ("the Association"), in his suit against it for damages
arising from an alleged constructive eviction. Elekima contends that the trial court
erred by ruling that his suit was barred because his claims should have been asserted
as compulsory counterclaims in a prior successful action against him by the
Association. For the reasons that follow, we reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the
> moving party must demonstrate that there is no genuine issue of material
> fact and that the undisputed facts, viewed in the light most favorable to
> the nonmoving party, warrant judgment as a matter of law. On appeal
> from the grant of summary judgment this Court conducts a de novo

review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

The relevant facts are largely undisputed, and the record shows that Elekima owns 17 condominium units in a residential development that is subject to membership in the Association. The Association is responsible for maintenance of common areas and facilities in the development, which maintenance is funded by assessments on each member unit. In April 2010, the Association filed a verified complaint against Elekima seeking approximately $68,000 in unpaid assessments and to foreclose on liens arising from the unpaid assessments under OCGA § 44-3-109.[2] The complaint sought a monetary award for the unpaid assessments plus interest and judicial foreclosure on the Association's lien against Elekima's properties.

---

[1] (Citation and punctuation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

[2] OCGA § 44-3-109 (a) provides, in part, that "[a]ll sums lawfully assessed by the association against any unit owner or condominium unit, whether for the share of the common expenses pertaining to that condominium unit, for fines, or otherwise, . . . shall, from the time the same become due and payable, be the personal obligation of the unit owner and constitute a lien in favor of the association on the condominium unit," subject to certain exceptions.

After Elekima failed to file an answer, the trial court in August 2010 entered a final order and judgment in favor of the Association, awarding it $70,819.56 in damages and decreeing that the Association could foreclose its lien on Elekima's properties. In June 2011, the court entered an amended order that was revised only to list the specific 17 units subject to the lien. In August 2011, Elekima moved to re-open the default judgment and for reconsideration, arguing that the Association had wrongfully towed his vehicles, erased numbers from his parking spaces, changed the gate codes, and locked him out of his properties. The trial court denied the motion in August 2012.

In October 2012, Elekima filed the action that is the subject of this appeal. In his complaint against the Association, he claimed that the Association had wrongfully locked him out of the units since July 2011. Alleging a constructive eviction, Elekima sought losses in rent, damages arising from his inability to pay the mortgages on other rental property and his second home, and other damages arising from "[d]epression, [b]ankruptcy, and effects of bad credit."

The Association filed a timely answer, and on February 24, 2014, moved for summary judgment, arguing that Elekima's claims were compulsory counterclaims which he failed to bring in the prior litigation. Elekima filed a brief in response on

3

March 31, 2014, tendering no evidence but arguing that the claims were independent of the prior action. The trial court granted the Association's motion on May 20, 2014, giving rise to this appeal.

Elekima argues that the trial court erred because his claims are based on actions taken by the Association starting on July 2011 that wrongfully restricted his access to the subject condominium units. Therefore, he argues, those actions could not have been addressed in the litigation that culminated in the June 2011 order awarding the Association damages and granting the foreclosure. We agree.

"Essentially, a compulsory counterclaim is one which: 1) arises out of the same transaction or occurrence as the main claim; and 2) has matured at the time the answer is filed. Conversely, claims that mature or are acquired after the [defensive] pleading has been served are permissive rather than compulsory counterclaims."[3] Although Elemika failed to answer the prior suit, his constructive eviction claim was predicated on conduct by the Association that occurred after the conclusion of the Association's

---

[3] (Footnote and punctuation omitted.) *Sampson v. Haywire Ventures, Inc.*, 278 Ga. App. 525, 526 (629 SE2d 515) (2006).

prior suit. Therefore, this claim matured after the answer was due, and it was a permissive, not compulsory counterclaim.[4]

> The distinction is critical for the following reason: The failure to plead a compulsory counterclaim can result in the party losing the right to assert that claim in a subsequent action. On the other hand, the failure to assert a permissive counterclaim at the proper time will only result in the party being unable to make the contentions in the suit in question, *not that he will be barred in a future suit*.[5]

It follows that the trial court erred by granting summary judgment in favor of the Association on the ground that Elekima's suit should have been brought as a compulsory counterclaim in the Association's prior suit.

---

[4] We note that in his August 2011 motion for reconsideration of the default judgment, Elekima complained that the Association had "towed . . . tenants' vehicles, erased parking numbers from parking spaces . . . , changed gate codes, cut off their water supply, and have constantly done acts that equate[] to constructive eviction." Raising those new facts after the default judgment does not preclude Elekima from pursuing a constructive eviction claim now because the present case raises a different legal question not reached in the Association's suit. Although the trial court did not open default on the basis of those facts, those facts could support a subsequent constructive eviction claim – which was not mature during the Association's suit – if they were beyond the scope of a lawful lien foreclosure process. See generally OCGA § 44-3-109 ("the lien may be foreclosed by the association by an action, judgment, and foreclosure in the same manner as other liens for the improvement of real property, subject to superior liens or encumbrances"). That issue was not ruled upon by the trial court, so the issue is not before us in this appeal.

[5] (Punctuation omitted; emphasis supplied.) *Sampson*, 278 Ga. App. at 527.

5

*Judgment reversed. Miller and Dillard, JJ., concur.*