A97A2321. HUDSPETH v. A & H CONSTRUCTION, INC.
(495 SE2d 322)

BLACKBURN, Judge.

After a bench trial on A & H Construction's underlying complaint against Ron Hudspeth and Hudspeth's counterclaim against A & H Construction, the trial court ruled from the bench denying relief to both parties. Thereafter, both parties filed motions for reconsideration with regard to the denial of their respective claims. On January 28, 1997, the trial court entered an order denying Hudspeth's motion for reconsideration and granting A & H Construction's motion for reconsideration. Therein, the trial court awarded judgment to A & H Construction in the principal amount of $13,000 plus cost, interest, and attorney fees. Hudspeth appeals the trial court's rulings on his counterclaim and on A & H Construction's motion for reconsideration.

1. We must first address our jurisdiction to review Hudspeth's appeal. "It is well established that a motion for reconsideration does not extend the time for filing a notice of appeal. *Blackwell v. Sutton,*

261 Ga. 284 (404 SE2d 114) (1991)." *In the Interest of A. C. J.*, 211 Ga. App. 865, 866 (440 SE2d 751) (1994). In the present case, the bench trial was held on May 21, 1996, and the trial court's judgment was rendered the same day. No appeal was taken from this judgment within 30 days. Although the trial court later issued a new judgment on A & H Construction's complaint, it did not change, in any way, its judgment on Hudspeth's counterclaim. Therefore, Hudspeth's motion for reconsideration did not extend the time in which he was required to file a notice of appeal of the trial court's judgment on his counterclaim. However, Hudspeth timely appealed the trial court's new judgment on A & H Construction's complaint. See *Dougherty County v. Burt*, 168 Ga. App. 166, 167 (1) (308 SE2d 395) (1983) (the grant of a motion for reconsideration may extend the time for filing an appeal only where the original judgment is stayed, vacated, or set aside). Accordingly, Hudspeth's appeal with respect to the trial court's judgment on his counterclaim is hereby dismissed.

2. Hudspeth contends that the trial court erred in awarding conversion damages to A & H Construction. A & H Construction's complaint sounded in conversion, breach of contract, and unjust enrichment. The facts supporting its complaint are essentially undisputed. A & H Construction gave Hudspeth $13,000 toward the purchase of certain real property in Costa Rica in which A & H Construction would receive a one-third interest. Hudspeth admitted taking A & H Construction's money and using it to purchase the property. He further admitted that A & H Construction was not granted any type of ownership interest in the property and that he had refused to return the money to A & H Construction.

Although Hudspeth contends that money cannot be the subject of a conversion claim, we have previously held otherwise. In *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. 85, 89 (4) (c) (460 SE2d 545) (1995), we held that "money can be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." Therein, we determined that money paid to the broker was specifically earmarked for remittance to the insurance company and, therefore, it was sufficiently specific and identifiable to support a conversion action. Id. In the present case, the money paid by A & H Construction was specifically earmarked to purchase a one-third interest in certain real property on behalf of A & H Construction, but Hudspeth converted the money to his own use by purchasing the property for himself. Therefore, the money was sufficiently identifiable to support a claim in conversion. Id. See also *Adler v. Hertling*, 215 Ga. App. 769, 773 (2) (451 SE2d 91) (1994); *Grant v. Newsome*, 201 Ga. App. 710 (1) (411 SE2d 796) (1991).

3. Hudspeth contends that the trial court erred in awarding attorney fees.

(a) Initially, Hudspeth asserts that attorney fees are not normally allowed in breach of contract cases. However, as we have previously determined that A & H Construction also maintained a viable tort claim, we need not address this issue. "It is well established as the law of this state that every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees. *Carroll v. Johnson*, 144 Ga. App. 750, 752 (242 SE2d 296) (1978). Moreover, bad faith is a question for the [trier of fact] to be determined from consideration of the facts and circumstances in the case. See *Hodges v. Youmans*, 129 Ga. App. 481, 483 (3) (200 SE2d 157) (1973)." (Punctuation omitted.) *Hayden v. Sigari*, 220 Ga. App. 6, 12 (10) (467 SE2d 590) (1996).

(b) Hudspeth also contends that the trial court's award of attorney fees was erroneous due to insufficient evidence of reasonable attorney fees. "An award of attorney fees is unauthorized if [A & H Construction] failed to prove the actual costs of [its] attorneys and the reasonableness of those costs." (Punctuation omitted.) *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 737 (1) (458 SE2d 711) (1995).

To support its award of attorney fees, A & H Construction relied solely on the testimony of Geary Holland, A & H Construction's president. Holland testified that A & H Construction had hired an attorney to represent it in the present action, that A & H Construction was seeking attorney fees, and that A & H Construction had incurred $5,171.78 in attorney fees. No other evidence with regard to the reasonableness of attorney fees was presented. Although A & H Construction's attorney intended to testify regarding attorney fees, upon his own suggestion he reserved the issue until later. However, he failed to reassert it.

"Proof of what was paid for professional services is not, without more, sufficient proof of their value. *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 519 (3) (352 SE2d 832) (1987)." (Citation and punctuation omitted.) *Hornsby v. Phillips*, 190 Ga. App. 335, 342 (8) (378 SE2d 870) (1989). Accordingly, because the award of attorney fees was not supported by sufficient evidence of reasonableness, we reverse the award of attorney fees and remand this case to the trial court with direction that the attorney fee portion of the judgment be stricken.

4. Due to our preceding conclusions, we need not address Hudspeth's remaining enumerations of error.

*Judgment affirmed in part, reversed in part, case remanded with direction, and appeal dismissed in part. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 22, 1997.

*William E. Duncan, Jr.*, for appellant.

*Moore, Ingram, Johnson & Steele, David G. Matthews*, for appellee.