A04A1087. EWALDSEN v. ATLANTIC INSURANCE BROKERS, L.L.C.
(599 SE2d 223)

ELDRIDGE, Judge.

Following a jury trial in the Superior Court of Chatham County, appellant-defendant Linda Ewaldsen appeals from the superior court's denial of her motion for judgment notwithstanding the verdict ("j.n.o.v."), or in the alternative, for a new trial. She argues that appellee-plaintiff Atlantic Insurance Brokers, Inc. ("Atlantic") presented no evidence showing that it owned the health and life insurance files which it avers she converted to her own use; that Atlantic presented no evidence of its damages; and that the verdict was contrary to the evidence. Finding some evidence that Atlantic owned the files at issue and that there was evidence of damages, we disagree and affirm.

A directed verdict or j.n.o.v. should only be granted if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable [inferences] therefrom, [demands] a particular verdict. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict

even where the evidence is in conflict. As long as there is *some* evidence to support the verdict, the denial of [Ewaldsen's] motion for directed verdict and j.n.o.v. will not be disturbed.

(Citations, punctuation and footnotes omitted; emphasis supplied.) *Ballenger Paving Co. v. Gaines*, 231 Ga. App. 565, 566 (1) (499 SE2d 722) (1998).

The record shows that Atlantic purchased the insurance assets of Frederica Southeast, Inc., a Georgia corporation, on April 1, 1995. Health and life insurance files written by Frederica's principal officer and agent, William R. Knight III, and Frederica agent, John Lassiter, were included in the purchase agreement, these files having a commission value in the amount of $16,024.27 as of December 1994. Although Ewaldsen, an agent specializing in health and life insurance, had been employed as an agent by Frederica on December 5, 1994, the book of business she brought with her to Frederica was not part of the purchase agreement. Ewaldsen went to work as an agent for Atlantic upon the same terms and conditions which had been applicable to her employment with Frederica. Her health and life insurance specialty remained the same, as did her monthly $3,000 salary for which she agreed to sign over to Atlantic all the premium payments she received.

Ewaldsen resigned on May 1, 1998, citing low office morale following Atlantic's failure to renew its employment contract with former owner Knight.

At trial, Ewaldsen testified on direct examination that she took only her own book of business and its progeny upon leaving her employment with Atlantic; however, on cross-examination she conceded that she had taken the health and life insurance files which Atlantic had purchased from Frederica as well as new health and life insurance which she had written as an Atlantic employee, although, as to the latter, she insisted that Atlantic had not assisted her in any way. Upon further cross-examination, Ewaldsen estimated that the new health and life insurance she had written as Atlantic's agent would generate $50,000 to $60,000 annually and that she paid herself $3,000 monthly for 25 months from the proceeds of such insurance upon being employed by Knight following her resignation from Atlantic.

The Henry Stephens Insurance Agency purchased Atlantic in October 1998. A month later, the Savannah District Attorney's Office contacted Ewaldsen by letter, seeking the return of the health and life insurance files she had taken. After a three-day trial in August 2000, the jury returned its verdict against Ewaldsen on Atlantic's conversion claim in the amount of $30,000. *Held*:

1. The superior court did not err in denying Ewaldsen's motion for j.n.o.v. upon Atlantic's conversion claim.

> Conversion involves the unauthorized assumption and exercise of right of ownership over personalty of another, contrary to the owner's rights. Any act of dominion wrongfully asserted over another's personal property which is in denial of his property rights, or inconsistent with them, is a conversion.

(Citations and punctuation omitted.) *Multimedia Technologies v. Wilding*, 262 Ga. App. 576, 578 (2) (a) (586 SE2d 74) (2003). Ewaldsen argues that Atlantic here failed to present any evidence of its ownership in the health and life insurance files which it alleges she took with her upon resigning from Atlantic in May 1998, this foreclosing any finding of conversion against her.

As a preliminary matter, that the instant action was brought against Ewaldsen by Atlantic as her principal, such argument appears to be inapposite. OCGA § 10-6-26 ("An agent may not dispute his principal's title, except in such cases where legal proceedings, at the instance of others, shall have been commenced against him."); *Morgan v. Morgan*, 160 Ga. 472, 479 (128 SE 674) (1925). Nevertheless and pretermitting whether the files Ewaldsen brought with her upon being employed by Atlantic were hers to take upon leaving,[1] there was evidence that Atlantic purchased health and life insurance files upon buying Frederica, these as unrelated to the insurance files Ewaldsen brought with her to Atlantic and which she nonetheless took with her when she left Atlantic.

There also was evidence that Ewaldsen wrote significant new health and life insurance while Atlantic's agent and salaried employee, this from office space provided by Atlantic. While there does not appear to be direct evidence of record showing that insurance thus written was the property of Atlantic, the record is replete with circumstantial evidence to this effect. Knight testified that Ewaldsen "handled" accounts at Frederica. "[S]he wasn't given the accounts." Inasmuch as the nature of Ewaldsen's employment at Atlantic was as it had been at Frederica, Atlantic did not "give" her the new health and life insurance business which she wrote as a salaried Atlantic agent. Instead she "handled" it on Atlantic's behalf. Ewaldsen's employment and salary were conditioned upon the payment of all insurance commissions made payable to her at Atlantic. Finally, Ewaldsen admitted taking the insurance files at issue, knowing that her claim of ownership in them was subject to "disagreement." Under

---

[1] Knight opined that they were.

these circumstances, there was no error by the superior court in denying Ewaldsen j.n.o.v. upon Atlantic's claim of conversion. *Ballenger Paving Co. v. Gaines*, supra; *Multimedia Technologies v. Wilding*, supra.

2. Neither was the denial of j.n.o.v. improper as to the jury's $30,000 damages award to Atlantic. In a conversion action, "the plaintiff may elect . . . to demand a verdict for the damages alone[,]" OCGA § 44-12-151 (2); *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 262 (1) (356 SE2d 877) (1987). In the event that the plaintiff elects a money verdict,

> he may recover the value of the property at the date of the conversion, with interest from that date, or he may recover the value of the property at the date of the conversion, with a reasonable hire from that date to the date of the trial, if the property is of a character that hire may be recovered.

*Douglas Motor Co. v. Watson*, 68 Ga. App. 335, 337 (22 SE2d 766) (1942); see also *Homac, Inc. v. Fort Wayne Mtg. Co.*, 577 FSupp. 1065, 1072 (N.D. Ga. 1983).

Ewaldsen's testimony on cross-examination established that she had written new insurance valued at that time between $50,000 to $60,000 and that the proceeds of such insurance had been sufficient to pay her $3,000 monthly in each of the 25 months which had elapsed since she resigned from Atlantic to the time of trial. Atlantic thus presented more than some evidence of its damages upon the instant conversion. Accordingly, the superior court likewise properly denied Ewaldsen's motion for j.n.o.v. in this regard as well. *Ballenger Paving Co. v. Gaines*, supra; *Douglas Motor Co. v. Watson*, supra.

3. In light of our disposition of Division 1, we need not consider Ewaldsen's remaining claim of error.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED APRIL 30, 2004 —
RECONSIDERATION DENIED MAY 11, 2004.

*Kent, Sigman & Bogle, A. Martin Kent, Catherine M. Duke*, for appellant.

*Thomas A. Nash, Jr.*, for appellee.