A09A1566. PROFESSIONAL ENERGY MANAGEMENT, INC.
v. NECAISE et al.
(684 SE2d 374)

JOHNSON, Presiding Judge.

Professional Energy Management, Inc. ("PEM") filed suit against (i) Ty Necaise, a former employee of PEM, (ii) LUMA Energy Resource Management, Inc., a business formed by Necaise allegedly to compete with PEM, and (iii) Robert Allen, a co-founder of LUMA. In connection with the formation of LUMA, Necaise's termination of his employment with PEM, and the subsequent cancellation of several contracts by PEM customers that allegedly became customers of LUMA, PEM claimed that (i) Necaise and LUMA breached their duties to it, (ii) Allen tortiously interfered with PEM's contractual relations, (iii) Necaise and LUMA converted PEM's property for their own use, (iv) Necaise, LUMA, and Allen violated the Georgia Trade Secrets Act ("GTSA"), (v) Necaise breached the nondisclosure agreement he entered into with PEM, (vi) Necaise, LUMA, and Allen misappropriated PEM's corporate opportunities, (vii) Necaise,

---

[12] *Hill,* supra.

LUMA, and Allen were unjustly enriched, and (viii) a constructive trust should be established for PEM's benefit. Necaise filed a counterclaim in which he asserted, among other things, that PEM had committed fraud and negligent misrepresentation, and in which he sought attorney fees pursuant to OCGA § 13-6-11.

After the parties filed cross-motions to dismiss for failure to state a claim upon which relief could be granted, the trial court dismissed each of PEM's claims except the claim under the GTSA, finding that the GTSA preempted the other claims raised by PEM. The trial court also dismissed each of Necaise's counterclaims, except for his claim for attorney fees. PEM appeals, claiming that the trial court erred in holding that the GTSA preempted its non-GTSA claims and in failing to dismiss Necaise's claim for attorney fees. We granted PEM's application for interlocutory appeal, and, for the reasons that follow, we affirm in part, reverse in part, and remand the case to the trial court for further proceedings consistent with this opinion.

1. We first address PEM's claim that the trial court erred in dismissing its non-GTSA claims for failure to state a claim upon which relief could be granted. Such an appeal is entitled to de novo review, and we will not affirm the trial court's grant of a motion to dismiss for failure to state a claim unless:

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[1]

Here, the trial court determined that the GTSA preempted each of PEM's non-GTSA claims based on the ruling of the United States District Court for the Northern District of Georgia in *Diamond Power Intl. v. Davidson*.[2] In *Diamond Power*, the court explained that where the "full extent" of a claim relied on the same allegations as those underlying a claim for misappropriation of trade secrets, the

---

[1] (Citation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525 (1) (668 SE2d 723) (2008).
[2] 540 FSupp.2d 1322, 1346 (IV) (N.D. Ga. 2007).

claims are "conflicting" under the GTSA and therefore precluded.[3] That court properly reasoned that purposes of the GTSA would be subverted if a plaintiff could state a claim for the misappropriation of proprietary information outside of the GTSA and thereby avoid its burdensome requirements of proof.[4] However, the court also acknowledged

> if a claim seeks to remedy an injury caused not by the misappropriation of proprietary information, but by separate conduct — such as the misappropriation of physical property or the improper interference with contractual relationships respecting something other than proprietary information — such a claim cannot be said to be "in conflict" with the GTSA.[5]

Here, for reasons discussed below, the trial court erroneously concluded that each of PEM's non-GTSA claims were based solely on the misappropriation of proprietary information, and it therefore erred in holding that the claims were preempted by the GTSA.

(a) *Breach of Fiduciary Duty.*

As an employee of PEM, Necaise had a duty not to solicit its clients or directly compete with it during his employment.[6]

> An employee breaches no fiduciary duty to the employer simply by making plans to enter a competing business while he is still employed. Even before the termination of his agency, he is entitled to make arrangements to compete and upon termination of employment immediately compete. He is not, however, entitled to solicit customers for a rival business before the end of his employment nor can he properly do other similar acts in direct competition with the employer's business.[7]

Here, PEM's complaint alleges not only that Necaise breached his fiduciary duties by misappropriating proprietary information, but also that, during his employment with PEM, he met with PEM's

---

[3] Id. at 1344; see also OCGA § 10-1-767 (a) (the GTSA generally supersedes "conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret").

[4] See id. at 1345.

[5] Id.

[6] *Continental Maritime Svcs. v. Maritime Bureau*, 275 Ga. App. 533, 534-535 (1) (621 SE2d 775) (2005).

[7] *Instrument Repair Svc. v. Gunby*, 238 Ga. App. 138, 140 (1) (518 SE2d 161) (1999).

existing and prospective clients and arranged for several of them to simultaneously terminate their contracts with PEM for the purpose of doing business with LUMA. The alleged solicitation of PEM's customers for a rival business is conduct outside the scope of the GTSA, and it supports PEM's claim for breach of fiduciary duty against Necaise.

Necaise argues that the trial court was correct in dismissing the fiduciary duty claim under the "right for any reason" rule[8] because the complaint did not allege that Necaise had the authority to bind PEM. While an employer/employee relationship does not always create a fiduciary relationship, an employee who may bind his or her employer has a fiduciary duty to it.[9] Here, the complaint alleged that Necaise served as an account executive and had the responsibility of securing new clients on behalf of PEM. The complaint therefore set forth allegations that, if proven, would entitle PEM to relief, and the trial court erred in dismissing PEM's claim against Necaise for breach of fiduciary duty.[10]

However, PEM has not shown or alleged any fiduciary duty owed to PEM by LUMA, which it claims was created to compete with it. Because LUMA has sufficiently shown that PEM could not possibly introduce evidence establishing any such duty, the trial court properly dismissed PEM's claim against LUMA for breach of fiduciary duty.[11]

(b) *Tortious Interference with Contractual Relations.*

As the Supreme Court of Georgia has explained, "[p]arties to a contract have a property right therein with which a third party cannot interfere without legal justification or privilege, and a party injured by another's wrongful interference may seek compensation in tort" under OCGA § 51-12-30.[12] Here, PEM's complaint asserted that Allen assisted Necaise in his efforts to solicit PEM customers on behalf of LUMA prior to terminating his employment with PEM. Such claim does not compete with PEM's separate claim related to misappropriation of proprietary information under the GTSA and is

---

[8] See *Walker County v. Tri-State Crematory*, 292 Ga. App. 411, 412 (664 SE2d 788) (2008).

[9] *Tronitec, Inc. v. Shealy*, 249 Ga. App. 442, 452 (8) (547 SE2d 749) (2001), rev'd on other grounds, *Williams Gen. Corp. v. Stone*, 279 Ga. 428 (614 SE2d 758) (2005).

[10] *Tronitec,* supra.

[11] See *Looney v. M-Squared, Inc.*, 262 Ga. App. 499, 505 (6) (586 SE2d 44) (2003); compare *Insight Technology v. FreightCheck*, 280 Ga. App. 19, 23 (1) (a) (633 SE2d 373) (2006) (complaint against competing entity sufficiently set forth a cause of action for *aiding and abetting* a breach of fiduciary duty, which was deemed to be equivalent to a claim for tortious interference).

[12] (Citation omitted.) *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 608 (2) (503 SE2d 278) (1998).

not preempted by it.[13] As a result, the trial court erred in dismissing PEM's tortious interference claim for failure to state a claim upon which relief could be granted.

(c) *Conversion.*

Conversion involves the unauthorized assumption and exercise of right of ownership over personal property of another, contrary to the owner's rights.[14] Here, in addition to alleging the misappropriation of proprietary information, PEM's complaint claimed, for example, that Necaise utilized PEM assets for the purpose of soliciting business on behalf of LUMA and that he removed client files from PEM property. PEM's claims regarding the appropriation of tangible property are not subject to a claim under the GTSA, and the trial court therefore erred in dismissing those claims as preempted by the GTSA.[15]

(d) *Breach of Nondisclosure Agreement.*

In connection with Necaise's discussions in 2007 with one of the owners of PEM to purchase the owner's shares of PEM stock, Necaise entered into a confidentiality and nondisclosure agreement with PEM. Despite the trial court's holding that PEM's claim under the nondisclosure agreement was preempted by the GTSA, the GTSA explicitly provides that it does not supersede "[c]ontractual duties or remedies, whether or not based on misappropriation of a trade secret."[16] While Necaise claims that the nondisclosure agreement is unenforceable based on its failure to include a time limitation, the nondisclosure agreement attached to PEM's complaint provides that upon the termination of his discussions with the PEM owner, or upon PEM's request "but in no event later than July 31, 2007, [he] will immediately return to [PEM] all Confidential Information provided to [him]." We have previously found similar provisions to be enforceable as a valid means of protecting documented confidential information of an employer.[17] Because PEM's complaint sets forth allegations that, if proven, would entitle it to relief for breach of the nondisclosure agreement, the trial court erred in dismissing it for failing to state a claim upon which relief could be granted.

---

[13] See *Insight Technology,* supra at 26 (1) (b), (3).

[14] *Ewaldsen v. Atlantic Ins. Brokers, LLC,* 267 Ga. App. 347, 349 (1) (599 SE2d 223) (2004).

[15] See *Diamond Power,* supra at 1345 (IV) ("Because plaintiff['s] claim also seeks recovery of the physical items stolen, including blueprints and drawings . . . [its] conversion claim is not entirely preempted.") (citation omitted); *Tronitec,* supra at 447 (5).

[16] OCGA § 10-1-767 (b).

[17] See *Equifax Svcs. v. Examination Mgmt. Svcs.,* 216 Ga. App. 35, 38 (1) (453 SE2d 488) (1994).

228

(e) *Misappropriation of Corporate Opportunity.*

OCGA § 14-2-831 (a) (1) (C) provides that a corporation may sue an officer or director for the misappropriation of any business opportunity of the corporation. Here, Necaise, LUMA, and Allen were not officers or directors of PEM. PEM's claim for misappropriation of corporate opportunity was properly dismissed under the "right for any reason" rule.[18]

(f) *Unjust Enrichment.*

Unjust enrichment is an equitable concept that "applies when as a matter of fact there is no legal contract . . . , but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."[19] Here, PEM alleges that the defendants were unjustly enriched not merely by the value of the proprietary information they allegedly misappropriated, but also by receiving, for example, reimbursements for expenses ostensibly used for the benefit of PEM, but allegedly used to solicit PEM's customers for the benefit of LUMA. Necaise, LUMA, and Allen have failed to establish with certainty that the allegations of PEM's complaint show that it would not be entitled to relief under any state of provable facts. The trial court, therefore, erred in dismissing PEM's equitable claim for unjust enrichment.

(g) *Constructive Trust.*

Finally, PEM's complaint includes a claim that it "is entitled to a constructive trust upon all [misappropriated] property and property rights." A constructive trust is a remedial device created to prevent unjust enrichment.[20] Such a trust is imposed upon property when it is against equity that the person holding title to the property be allowed to enjoy the beneficial interest in it.[21] Given that the trial court erred in dismissing PEM's equitable claim for unjust enrichment, it also erred in holding that PEM was not, under any state of provable facts, entitled to relief through the imposition of a constructive trust.[22]

2. PEM also alleges that the trial court erred in failing to dismiss Necaise's counterclaim for OCGA § 13-6-11 attorney fees after dismissing all of his substantive claims for relief. As Necaise acknowledges, "[a] prerequisite to any award of attorney fees under

---

[18] See *Bob Davidson & Assocs. v. Norm Webster & Assocs.*, 251 Ga. App. 56, 61 (2) (553 SE2d 365) (2001).

[19] (Citations and punctuation omitted.) *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998).

[20] *Lee v. Lee*, 260 Ga. 356, 357 (2) (392 SE2d 870) (1990).

[21] OCGA § 53-12-93 (a).

[22] See *City of Atlanta v. Hotels.com*, 285 Ga. 231, 236 at n. 4 (674 SE2d 898) (2009).

OCGA § 13-6-11 is the award of damages or other relief on the underlying claim."[23] Accordingly, having granted PEM's motion to dismiss all of Necaise's substantive counterclaims, the trial court erred as a matter of law in failing to also dismiss his claim for attorney fees under OCGA § 13-6-11.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Ellington and Mikell, JJ., concur.*

DECIDED SEPTEMBER 25, 2009.

*Chaiken & Klorfein, Fredric Chaiken*, for appellant.
*Krevolin & Horst, Jeffrey D. Horst, David A. Sirna*, for appellees.

---

[23] *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996).
[1] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).